■ JOAN H. RUSSELL et al., Respondents, v THIRD EQUITY OWNERS CORPORATION et al., Defendants, and ROLLI ROSA, Appellant.—Order, Supreme Court, New York County, entered April 5, 1978, unanimously reversed, on the law, defendant-appellant Rosa's motion to dismiss the complaint granted, and the complaint dismissed, without costs or disbursements. The suit is for money damage for what appears to be, combined in one cause of action, both prima facie tort and breach of quiet enjoyment, and a second cause for injunction, brought by plaintiffs-respondents, who are proprietary lessees in a co-op apartment building, against another such lessee who is also a director. Joined as defendants (neither movants nor appellants) are the co-op corporation, and the corporate owner of a garage tenant in that building. The motion to dismiss the complaint was made solely by defendant Rosa, who is therefore the only appellant. The apartments both of plaintiffs-respondents and defendant-appellant Rosa are on the second floor of the building, above the garage. A heating fan attached to the ceiling of the garage emits, plaintiffs claim, a high pitched whine which interferes with quiet enjoyment of their leasehold; when plaintiffs complained to the directors of the corporation some time back, the fan was turned off. Later, defendant, finding her apartment uninhabitably cold in the winter, with

frozen bathroom pipes, due to diminished insulating qualities of the installation beneath her floor, requested that the heating fan be again put into operation. Though defendant Rosa states that she is without knowledge as to how the directors voted on the subject and was not present at any meeting where action was taken on the subject, the complaint charges that, acting both individually and as a director, defendant-appellant brought about reinstituted use of the fan and thereby created the condition complained of, and that her acts were willful, malicious and without justification. The latter allegations are conclusory only, and without substantiation being offered. The same is also true as to the claim of interference with plaintiffs' contract of quiet enjoyment. As to countervailing rights to have the fan operate or not, it appears that each tenant has an equal right to complain of discomfort and to have it remedied to conform to individual ideas of what constitutes comfort. Certainly plaintiffs have a right to contest reelection of any director who has offended them but there is no allegation that the directors have violated their duties, nor would that apply to defendant-appellant in her directorial capacity. There are no allegations of any conspiracy in which defendant-appellant has joined with anyone to deprive plaintiffs of their rights. In short, plaintiffs have failed to state any cause whatever cognizable to the law. If plaintiffs are so advised, they may apply to Special Term for permission to replead on any viable cause they may possess. Concur—Lane, J. P., Markewich, Lupiano and Bloom, JJ.